# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DWAYNE QUINEY,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>OFFICER RON BROOKS,<br><br>　　　　　　　　Defendant. | Case No. 2:10-cv-01676-GMN-PAL<br><br>**ORDER**<br><br>(IFP App - Dkt #1) |

## I.　*In Forma Pauperis* Application

This matter is before the court on Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1). Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule IB 1-9. Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

## II.　Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). When a government official is sued in his individual capacity, the Plaintiff seeks "to impose personal liability upon a government official for actions he takes under the color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "To establish personal liability in a § 1983 suit, it is enough to show that an individual acting under the color of state law, caused a deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Here, Plaintiff has named Defendant Officer Ron Brooks in both his individual and official capacities.

///

///

In order to state an official capacity claim, a plaintiff must allege there is "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision[-]making channels." *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Municipal officers may be sued in their official capacities, but the plaintiff must prove that any constitutional violations occurred as a result of an official policy or custom, *Monell*, 436 U.S. at 690, or through a failure to train municipal employees adequately, *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989). Plaintiff has not alleged the conduct in the Complaint is the result of official policy, practice, or failure to train. Plaintiff has stated no facts concerning any custom procedure, policy, or practice which would support a claim for official capacity liability under 42 U.S.C. § 1983. Therefore, Plaintiff's official capacity claims against Defendants will be dismissed, with leave to amend.

Plaintiff is also informed that the court cannot refer to a prior pleading (i.e., his original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's Complaint alleges that on July 22, 2010, he attempted to enter the Regional Justice Center in Las Vegas, Nevada. As he walked through the metal detectors at the entrance to the courthouse, he was denied entry because he questioned search procedures. Specifically, Plaintiff complained to Defendant Officer Ron Brooks that Brooks looked at Plaintiff's keys and cell phone with greater scrutiny than two women who entered before Plaintiff whose purses were not searched. Plaintiff stated that his keys and phone "are not bombs." Dkt. #1 at 3. Brooks told Plaintiff that "[Plaintiff] could not enter the courthouse because Defendant did not like [Plaintiff's] questions and observations." *Id.* Plaintiff seeks a letter of apology, "re-education of all Marshals," and $300,000.00 in punitive damages.

Plaintiff alleges Defendant violated his right to free speech under the First Amendment. The United States Supreme Court instructs that in assessing a First Amendment claim concerning speech on government property, the court must first "identify the nature of the forum, because the extent to which the Government may limit public access depends on whether the forum is pubic or nonpublic." *Cornelius v. NAACP Legal Defense & Educ. Fund*, 473 U.S. 788, 797 (1985).

The "First Amendment does not guarantee access to property simply because it is owned or controlled by the government." *United States Postal Service v. Council of Greenburgh Civic Assns.*, 453 U.S. 114 (1981). The Ninth Circuit determined that a public building which contained courtrooms was not a public forum for purposes of the First Amendment. *Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 966 (9th Cir. 2002). The United States Supreme Court determined that courthouses are nonpublic fora even though the public has virtually unlimited access to them. *See County of Allegheny v. ACLU of Greater Pittsburgh Chapter* 492 U.S. 573 (1989). The Regional Justice Center is a courthouse and thus, a nonpublic forum.

In order to pass constitutional muster, restrictions on free expression in a nonpublic forum must be (1) "reasonable" in light of the purpose served by the forum; and, (2) "viewpoint neutral." *Cornelius v. NAACP Legal Defense & Educ. Fund*, 473 U.S. 788, 806 (1985).

A.   Reasonableness

Law enforcement officers are stationed at the entrance of courthouses to, among other things, ensure the safety of those inside the facility. A courthouse is a facility which is maintained with a high degree of order and decorum. *See, Sammartano* 303 F.3d at 967. The Ninth Circuit has recognized that courthouses face "real dangers posed by threats of violence" *McMorris v. Alioto*, 567 F.2d 897, 900 (9th Cir. 1978). The Ninth Circuit also determined that the "government has a legitimate need to preserve [a courthouse] as an orderly and safe place." *Sammartano* 303 F.3d at 967. Consequently, excluding Plaintiff from the courthouse after making an inflammatory statement that his personal effects were not bombs reasonably fulfilled the legitimate need to ensure the safety of those inside the facility and maintain a high degree of order and decorum.

/ / /

/ / /

B.      Viewpoint Neutrality

[A]s a general matter, the First Amendment means that government cannot restrict expression because of its message, its ideas, its subject matter, or its content. *Ashcroft v. American Civil Liberties Union*, 535 U.S. 564, 573 (2002) (internal quotation marks omitted). However, The First Amendment has permitted restrictions upon the content of speech in a few limited areas. These areas--include obscenity, *Roth v. United States*, 354 U.S. 476, 483 (1957), defamation, *Beauharnais v. Illinois*, 343 U.S. 250, 254-255 (1952), fraud, *Virginia Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 771 (1976), incitement of an immediate breach of the peace or lawless action,, *Brandenburg v. Ohio*, 395 U.S. 444, 447-449 (1969) (per curiam), "fighting words", *Cohen v. California*, 403 U.S. 15, 20 (1971), and speech integral to criminal conduct, *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 498 (1949). The prevention and punishment of these narrowly limited classes of speech does not raise any Constitutional problem. *Chaplinsky v. New Hampshire*, 315 U.S. 568, 571-572 (1942).

The First Amendment also permits a ban of "true threats." *Virginia v. Black*, 538 U.S. 343 (2003). "True threats" include statements a speaker intends "to communicate a serious expression of an intent to commit an unlawful act of violence to a particular individual or group of individuals." *Id*. at 360. Political hyperbole is not a true threat. *Id*. citing *R.A.V. v. City of St. Paul* 505 U.S. 377, 388 (1992). However, a speaker need not actually intend to carry out the threat, and a prohibition of true threats protects individuals from the fear of violence, from the disruption that fear engenders and from the possibility that the threatened violence will occur. *Id*. (Internal quotations omitted). The Ninth Circuit has not decided whether to use an objective or subjective standard in determining whether there has been a "true threat." *Fogel v. Collins*, 531 F.3d 824, 831 (9th Cir. 2008). Under either standard the court must examine the speech in light of its entire factual context including surrounding events and reaction of the listeners. *Id*.

Content based restrictions of speech which fall outside of the limited areas listed above are 'presumptively invalid,' and the Government bears the burden to rebut that presumption. *United States v. Playboy Entertainment Group, Inc.*, 529 U.S. 803, 817 (2000). A restriction on free expression is "viewpoint neutral" if the restriction is not an effort to suppress expression merely because the public

5

officials oppose the speakers' view." *Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 965 (9th Cir. 2002). Accepting Plaintiff's allegations as true, Plaintiff's Amended Complaint states a claim for a First Amendment violation. Officer Brook's statement "I do not like your questions and observations" is a content-based regulation of speech because Officer Brooks' statement suggests that he was excluding Plaintiff from the courthouse merely because Officer Brooks opposed Plaintiff's message.

Based on the foregoing, and good cause appearing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint and shall issue Summons to Defendants, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

///

///

///

4. From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has

|   |   |   |
|---|---|---|
| 1 |   | been entered by counsel, upon the attorney(s), a copy of every pleading motion or other |
| 2 |   | document submitted for consideration by the court.  Plaintiff shall include with the |
| 3 |   | original papers submitted for filing a certificate stating the date that a true and correct |
| 4 |   | copy of the document was mailed to the defendants or counsel for the Defendants.  The |
| 5 |   | court may disregard any paper received by a District Judge or Magistrate Judge which |
| 6 |   | has not been filed with the Clerk, and any paper received by a District Judge, Magistrate |
| 7 |   | Judge, or the Clerk which fails to include a certificate of service. |
| 8 | 5. | Plaintiff's official capacity claims are DISMISSED for failure to state a claim upon |
| 9 |   | which relief can be granted, with leave to amend.  Plaintiff will have thirty days from the |
| 10 |   | date that this Order is entered to file his Amended Complaint, if Plaintiff believes the |
| 11 |   | noted deficiencies can be corrected.  Failure to comply with this Order will result in a |
| 12 |   | recommendation of dismissal of these claims, with prejudice. |

Dated this 5th day of April, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE